The Honorable Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your request for an opinion on the following questions involving Act 74 of 1989:
 In your opinion, can Act 74 of 1989 be utilized to establish a cash fund as a mechanism for payment of claims pursuant to Act 362 of 1987? Does the Chief Fiscal Officer have the authority under Act 74 to establish this fund? Is this decision solely by the Chief Fiscal Officer or does it require Legislative Council or committee advice, and/or approval?
An initial review of Act 74 of 1989 and Act 362 of 1987 is necessary. Act 74 of 1989 appropriates funds to the Department of Finance and Administration (DFA") payable from state agency cash funds, for the purpose of providing agencies with cash fund appropriations for the biennial period ending June 30, 1991. See Acts 1989, No. 74, 1. If an appropriation is not otherwise provided by the General Assembly for an agency's cash fund expenditures, the agency may take steps to obtain a transfer from the appropriations provided under the act and the establishment of the appropriations upon the books of DFA.
Act 362 of 1987 (A.C.A. 18-28-401 — 403 (Supp. 1987) establishes a special trust fund, known as the Abandoned Mineral Proceeds Trust Fund, for the deposit of abandoned mineral proceeds. See18-28-403 (Supp. 1987). Subsection (b) of 18-28-403 states that this fund "shall be used by the Auditor of State to pay the claims of person establishing ownership of mineral proceeds in possession of the state under this subchapter. . . ." You note in your correspondence, however, that there is no appropriation to handle these claims.
In response to your specific questions, it is my opinion that Act 74 of 1989 may be utilized to establish an appropriation for cash fund expenditures in payment of claims under Act 362 of 1987. To the extent that the Act 362 trust fund is comprised of cash funds for which no appropriation has been provided, Act 74 of 1989 would appear to authorize this mechanism for a cash fund appropriation.
The approval of the State's Chief Fiscal Officer must be sought before the appropriations can be established upon the books of DFA. Acts 1989, No. 74, 2. While the Chief Fiscal Office thus has clear authority in this regard, Act 74 of 1989 also states, under Section 2, that "prior review by the Arkansas Legislative Council" must also be obtained. The process therefore does not merely involve the Chief Fiscal Officer's approval. We cannot conclude, however, in the absence of clearer evidence of legislative intent, that the Legislative Council's advice or approval is required. Although advice may be rendered in connection with the review process, it appears that the only "approval" necessary is that of Chief Fiscal Officer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.